SARAH J. PALMER AND GILBERT C. PALMER, PLAINTIFFS IN ERROR, v. ROBERT H. MAXWELL, DEFENDANT IN ERROR.

**Partnership:** LIABILITY OF WIFE OF DECEASED PARTNER. Petition alleges the sale on credit and delivery by plaintiffs assignor of goods to the firm of P. & Son, of which firm the defendant, G. C. P., was a member. That afterwards the other member of said firm, B. C. P., died, leaving the defendant, S. J. P., his widow, and the defendant G. C. P. sole surviving partner. That defendants took possession of the property and estate of said B. C. P., deceased, and made it their own, and took upon themselves the authority to settle the estate of said B. C. P., and made distribution and appropriation of said estate without any valid appointment as administrator by either of them, etc. *Held*, to state no cause of action against S. J. P.

ERROR to the district court for Antelope county. Tried below before BARNES, J.

*W. S. Geer* and *N. D. Jackson*, for plaintiffs in error, cited *Carrere v. Spafford*, 46 How. Pr., 294. *Richter v.*

*Poppenhausen*, 42 N. Y., 373.   *Higgins v. Freeman*, 2 Duer., 650.   *Dubois Case*, 3 Abb. Pr., 177.   *Voorhis v. Childs Ex.*, 17 N. Y., 354.

*M. McLaughlin* and *C. C. McNish*, for defendant in error, cited *Carr v. Catlin*, 13 Kans., 394.   *Sumner v Powell*, 2 Mer., 37.   *Camp v. Grant*, 21 Conn., 41.

COBB, J.

This was an action at law.   The petition alleges that the assignor of the plaintiff sold and delivered certain goods, wares, and merchandise, as per bill of particulars, to Palmer & Son, a mercantile firm consisting of B. C. Palmer and the defendant, Gilbert C. Palmer. That before the commencement of the suit B. C. Palmer died, leaving the defendant, Sarah J. Palmer, his widow, and the defendant, Gilbert C. Palmer, his sole surviving partner.   That thereupon the defendants took possession of the property and estate of the said B. C. Palmer, deceased, and made it their own, and took upon themselves the authority to settle the estate of said deceased, and made distribution and appropriation of said estate without legal appointment as administrators, etc.

Upon the state of facts presented by this petition, as we understand the law, and as it seems to be well settled by the authorities cited by counsel for the plaintiffs in error, the only person amenable to an action at law thereon is the defendant, Gilbert C. Palmer.   His liability is an original one and depends in no degree upon his conversion of the property either of the partnership or that of the deceased member of the late firm. It is not deemed necessary here to inquire under what circumstances an action in the nature of a bill in equity will lie to subject the individual estate of a deceased partner to the payment of the debts of the firm, yet it may

not be amiss to refer to that well-known elementary proposition, lying at the very foundation of equity jurisdiction, that a party must first exhaust his legal remedies, or be without any adequate remedy at law, before he can resort to a court of equity. Even were this case claimed to be one of equity, the petition contains none of the allegations necessary to bring it within the above rule.

Viewing this action as a purely legal one, as we are compelled to do, it is obvious that no cause of action is alleged in the petition against the defendant, Sarah J. Palmer, as she could in any event only be held liable in equity.

Had the defendant, Gilbert C. Palmer, either alone or together with his co-defendant, demurred to the petition on the ground that several causes of action were improperly joined, he would probably have been entitled to judgment thereon. But he did not demur, but on the contrary answered as follows:

1. That he was not a party to the transaction or contract between the Sherwood School Furnishing Company and Palmer & Son, as set up in the plaintiff's petition.

2. That the said transaction and liability incurred thereby was outside of the partnership business, that he was not consulted, nor did he give his advice or consent in the contract.

3. That he denies each and every allegation set up in the petition, so far as they relate to himself, concerning the settlement of the estate of B. C. Palmer.

It will thus be seen that the defendant, Gilbert C. Palmer, denies none of the material allegations of the petition. So that while it probably was not the intention of the plaintiff to sue him as surviving partner of B. C. Palmer & Son, yet, as the petition contains all the necessary allegations for that purpose, none of

which were denied by him, the plaintiff was entitled to judgment as against him on the papers. It therefore becomes unnecessary to examine the alleged errors as to the admission and rejection of evidence or the instructions given or refused.

The judgment of the district court is therefore affirmed as to the defendant, Gilbert C. Palmer, and reversed, with costs, as to the defendant Sarah J. Palmer.

JUDGMENT ACCORDINGLY.